U.S. v. Pedro José Collazo-Prieto, 17-485 (SCC) & 19-121 (SCC)

PCP

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Date: 4/20/2022
By: Reina Alvarez
Courtroom Deputy

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, | **CRIMINAL NO. 17-485 (SCC)** **CRIMINAL NO. 19-121 (SCC)** |
| v. | |
| **Pedro José COLLAZO-PRIETO,** Defendant. | |

## PLEA AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, **Pedro José Collazo-Prieto**, and Defendant's counsel, Richard O. Dansoh, Esq., pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to plead guilty to Count One of the Indictment in Cr. 17-485 (SCC), which charges as follows:

<u>Count One of the Indictment in Cr. 17-485 (SCC):</u>

On or about August 9, 2017, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, Pedro José COLLAZO-PRIETO, did knowingly possess a firearm modified to shoot more than one round of ammunition, without manual reloading, by a single function of the trigger, to wit: a .40 caliber Glock 23C pistol bearing serial number NDB232. All in violation of Title 18, <u>United States Code</u>, Sections 922(o) and 924(a)(2).

*PCP*

In addition, Defendant agrees to plead guilty to Count One and Count Six of the Indictment in Cr. 19-121 (SCC) as charged in that Indictment, which in summary charge as follows:

*PCP*

Count One of the Indictment in Cr. 19-121 (SCC):

From in or about the year 2006, and continuing up to and until the return of the [Indictment in Cr. 19-121 (SCC)], in the Municipality of San Juan, District of Puerto Rico and within the jurisdiction of this Court . . . [23] PEDRO COLLAZO-PRIETO, a/k/a "Pedrito," . . . , the defendants herein, did knowingly and intentionally combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of a real property comprising the Villa Kennedy Public Housing Project, Las Casas Public Housing Project, El Mirador Public Housing Project, Las Margaritas Public Housing Project, housing facilities owned by a public housing authority and within one thousand (1,000) feet of a real property comprising a public or private school and/or playground. All in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 860.

. . . .

PCP

PCP

Count Six of the Indictment in Cr. 19-121 (SCC):

From in or about the year 2006, and continuing up to and until the return of the [Indictment in Cr. 19-121 (SCC)], in the Municipality of San Juan, District of Puerto Rico and within the jurisdiction of this Court, . . . [23] PEDRO COLLAZO-PRIETO, a/k/a "Pedrito," . . ., the defendants herein, did knowingly and unlawfully possess firearms, of unknown make and caliber, as that term is defined in Title 18, United States Code, Section 921(a)(3), in furtherance of a drug trafficking crime for which they may be prosecuted in a Court of the United States, as charged in Counts One (1) through Five (5) of the [Indictment in Cr. 19-121 (SCC)]. All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

2. **Maximum Penalties**

Count One of the Indictment in Cr. 17-485 (SCC): The maximum statutory penalties for the offense charged in Count One of the Indictment in Cr. 17-485 (SCC) are a term of imprisonment of not more than ten years, pursuant to 18 U.S.C. §§ 922(o) and 924(a)(2); a fine not to exceed two hundred and fifty thousand dollars, pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

Count One of the Indictment in Cr. 19-121 (SCC): The statutory penalties for the offense charged in Count One of the Indictment in Cr. 19-121 (SCC) are a term of imprisonment that shall not be less than ten years and not more than two terms of life, pursuant to 21 U.S.C. §§ 841(b)(1)(A), 846, and 860; a fine not to exceed twenty million dollars, pursuant to 21 U.S.C. §§ 841(b)(1)(A), 846, and 860; and a supervised release term of at least ten years, pursuant to 21 U.S.C. §§ 841(b)(1)(A), 846, and 860.

Nevertheless, for purposes of this Plea Agreement, the parties agree and stipulate that Defendant should be held responsible under Count One of the

U.S. v. Pedro José Collazo-Prieto, 17-185 (SCC) & 19-121 (SCC)

PCP   PCP

Indictment in Cr. 19-121 (SCC) for at least five hundred (500) grams but less than two (2) kilograms of cocaine. Based on that stipulated quantity of narcotics, the statutory penalties for the offense charged in Count One of the Indictment in Cr. 19-121 (SCC) are a term of imprisonment that shall not be less than five years and not more than eighty years, pursuant to 21 U.S.C. §§ 841(b)(1)(B), 846, and 860; a fine not to exceed ten million dollars, pursuant to 21 U.S.C. §§ 841(b)(1)(B), 846, and 860; and a supervised release term of at least eight years, pursuant to 21 U.S.C. §§ 841(b)(1)(B), 846, and 860.

<u>Count Six of the Indictment in Cr. 19-121 (SCC)</u>: The statutory penalties for the offense charged in Count Six of the Indictment in Cr. 19-121 (SCC) are a term of imprisonment of not less than five years and not more than life, pursuant to 18 U.S.C. § 924(c)(1)(A)(i); a fine not to exceed two hundred and fifty thousand dollars, pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1).

3. **Sentencing Guidelines Applicability**

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

*PCP* *PCP*

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines, order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under any applicable restitution laws.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines

calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

<u>Count One of the Indictment in Cr. 17-485 (SCC) and Count One of the Indictment in Cr. 19-121 (SCC)</u>: Count One of the Indictment in Cr. 17-485 (SCC) is grouped with Count One of the Indictment in Cr. 19-121 (SCC), pursuant to USSG § 3D1.2(c). Because Count One of the Indictment in Cr. 19-121 (SCC) produces the highest offense level for that group, that count's offense level is the one that applies to the group. *See* USSG § 3D1.3(a). That count's offense level is calculated as follows:

| | Sentencing Guidelines Calculation Table<br>Count One of the Indictment in Cr. 19-121 (SCC) | | | | | | |
|---|---|---|---|---|---|---|---|
| Base Offense Level | Offense level of 2 under USSG § 2D1.2(a)(1) (drug-trafficking in a protected location), plus an offense level of 24 from USSG § 2D1.1(c)(8) based on at least five hundred (500) grams but less than two (2) kilograms of cocaine | | | | | | 26 |
| | Reduction for timely acceptance of responsibility, USSG § 3E1.1. | | | | | | -3 |
| Total Offense Level | | | | | | | 23 |
| Sentencing Ranges (in months) | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI |
| | 23 | 046-057 | 051-063 | 057-071 | 070-087 | 084-105 | 092-115 |

<u>Count Six of the Indictment in Cr. 19-121 (SCC)</u>: With respect to Count One of the Indictment in Cr. 19-121 (SCC), Guidelines Section 2K2.4(b) establishes that the advisory Guidelines sentence is the minimum term of imprisonment required by statute, that is, five years, pursuant to 18 U.S.C. § 924(c)(1)(A)(i).

U.S. v. Pedro José Collazo-Prieto, 17-485 (SCC) & 19-121 (SCC)

*PCP* *[initials]*

## 8. Sentence Recommendation

<u>Count One of the Indictment in Cr. 17-485 (SCC) and Count One of the Indictment in Cr. 19-121 (SCC)</u>: As to Count One of the Indictment in Cr. 17-485 (SCC) and Count One of the Indictment in Cr. 19-121 (SCC), the parties agree to jointly recommend 60 months of imprisonment on each count, to be served concurrently with each other.

<u>Count Six of the Indictment in Cr. 19-121 (SCC)</u>: With respect to Count Six of the Indictment in Cr. 19-121 (SCC), the parties will jointly recommend an imprisonment sentence of 60 months, to be served consecutively with any other sentence.

Accordingly, the parties agree to jointly recommend as to those counts of conviction total imprisonment of 120 months (i.e., 10 years), regardless of criminal history category.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

## 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the total combined imprisonment sentence imposed by the Court for Count One of the Indictment in Cr. 17-485 (SCC) and Counts One and Six of the Indictment in Cr. 19-121 (SCC) is

120 months, the defendant waives the right to appeal any aspect of these cases' judgment and sentence, including but not limited to the terms of imprisonment or probation, restitution, fines, forfeiture, and the terms and conditions of supervised release.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Richard O. Dansoh, Esq., and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

    a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

U.S. v. Pedro José Collazo-Prieto, 17-185 (SCC) & 19-121 (SCC)

*PCP* (initials)

### 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictments pending against Defendant in these cases.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if,

after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 22. Firearms and Ammunition Forfeiture

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit Defendant's rights and interest in any firearms and ammunition involved or used in the commission of the offenses in these cases, including, but not limited to: a .40 caliber Glock 23C pistol bearing serial number NDB232 loaded with 19 rounds of ammunition and an ammunitions magazine.

U.S. v. Pedro José Collazo-Prieto, 17-485 (SCC) & 19-121 (SCC)

### 23. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which may result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 24. Narcotics Forfeiture Provision

Defendant agrees to waive and forgo any interests or claims over any drug proceeds or substitute assets, which constitute or are derived from proceeds generated or traceable to the drug trafficking offense in violation of 21 U.S.C. § 841, 846, and 860. Further, defendant shall forfeit to the United States any property constituting or derived from proceeds obtained directly or indirectly as a result of said violation and any property used or intended to be used in any manner or part to commit or to facilitate the commission of said violations. The defendant agrees to identity all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1,000 that within the last three years the defendant owned or in which the defendant maintained an interest the ownership of which the defendant fails to disclose to the United States in accordance

U.S. v. Pedro José Collazo-Prieto, 17-485 (SCC) & 19-121 (SCC)

*PCP*

with this agreement.

Defendant further agrees to waive all interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which

U.S. v. Pedro José Collazo-Prieto, 17-485 (SCC) & 19-121 (SCC)

*PCP Res.*

Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

INTENTIONALLY LEFT BLANK

U.S. v. Pedro José Collazo-Prieto, 17-485 (SCC) & 19-121 (SCC)

W. STEPHEN MULDROW
United States Attorney

_____
Jonathan L. Gottfried
Assistant U.S. Attorney
Chief, Violent Crimes and
National Security Division
Dated: 1/26/17

_____
Teresa S. Zapata-Valladares
Deputy Chief, Gangs
Assistant U.S. Attorney
Dated: 1.25.2022

_____
Juan Carlos Reyes-Ramos
Assistant U.S. Attorney
Dated: 1/25/2022

_____
Joseph L. Russell
Assistant U.S. Attorney
Dated: 25 Jan. 2022

_____
Richard O. Dansoh, Esq.
Counsel for Defendant
Dated: 4/13/22

_____
Pedro José Collazo-Prieto
Defendant
Dated: 4/13/22

U.S. v. Pedro José Collazo-Prieto, 17-485 (SCC) & 19-121 (SCC)

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 4/13/22

*Pedro Collazo*
Pedro José Collazo-Prieto
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 4/13/22

Richard O. Dansoh, Esq.
Counsel for Defendant

U.S. v. Pedro José Collazo-Prieto, 17-485 (SCC) & 19-121 (SCC)

PCP
RoD

# STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, defendant Pedro José Collazo-Prieto ("Defendant") admits that Defendant is guilty as charged in the Indictments in Cr. 17-485 (SCC) and 19-121 (SCC), and admits the following:

<u>Count One and Count Six of the Indictment in Cr. 19-121 (SCC)</u>

From in or about the year 2006, and continuing up to and until the return of the Indictment in Cr. 19-121 (SCC), in the Municipality of San Juan, District of Puerto Rico and within the jurisdiction of this Court, Defendant [23] Pedro Collazo-Prieto, a/k/a/ "Pedrito," and other members of the drug trafficking organization, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable

U.S. v. Pedro José Collazo-Prieto, 17-485 (SCC) & 19-121 (SCC)

PCP
(ROT)

amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of a real property comprising the Villa Kennedy Public Housing Project, Las Casas Public Housing Project, El Mirador Public Housing Project, Las Margaritas Public Housing Project, housing facilities owned by a public housing authority and within one thousand (1,000) feet of a real property comprising a public or private school and/or playground. All in violation of Title 21, United States Code Sections 841(a)(1), 846 and 860.

The object of the conspiracy was to distribute controlled substances within one thousand (1,000) feet of housing facilities owned by a public housing authority in San Juan Puerto Rico, that is, the Villa Kennedy Public Housing Project, Las Casas Public Housing Project, El Mirador Public Housing Project, Las Margaritas Public Housing Project, and in other areas in San Juan Puerto Rico within one thousand (1,000) feet of a real property comprising a public or private school and/or playground all for significant financial gain and profit.

Defendant acted as a runner for the drug trafficking organization. As such, the defendant was responsible for providing sufficient narcotics to the sellers for further distribution at the drug points. The defendant would also be responsible for collecting the proceeds of drug sales and paying the street sellers. While multiple kilograms of heroin, cocaine, cocaine base and marijuana were distributed during the conspiracy, for purposes of this plea agreement the defendant acknowledges that during the span

U.S. v. Pedro José Collazo-Prieto, 17-485 (SCC) & 19-121 (SCC)

of the conspiracy he knowingly possessed with intent to distribute at least five hundred (500) grams but less than two (2) kilograms of cocaine, all in furtherance of the conspiracy. Defendant admits that he committed that offense within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority and intended to distribute the controlled substances within that area.

Defendant also acknowledges that, at some point during the conspiracy, he possessed a firearm in furtherance of the conspiracy, and in furtherance of the substantive drug-trafficking offenses charged in Counts Two through Five of the Indictment in Cr. 19-121. He thus acknowledges that he possessed a firearm in furtherance of a drug-trafficking crime for which he may be prosecuted in a court of the United States, namely, possession with intent to distribute controlled substances.

<u>Count One of the Indictment in Cr. 17-485 (SCC)</u>:

On August 9, 2017, Puerto Rico Police Bureau ("PRPB") officers executed a state-issued search warrant at an apartment in the El Mirador Public Housing Project in San Juan, Puerto Rico. When police arrived, they asked Defendant whether he had anything illegal in the premises. Defendant responded that he had a firearm in the master bedroom under the mattress of the bed. Agents searched that location and found a .40 caliber Glock 23C pistol bearing serial number NDB232 loaded with a bullet in the chamber and an attached ammunition magazine containing 18 rounds of ammunition. Defendant told agents that the firearm was "full," meaning that it was capable of firing in fully automatic mode. A subsequent examination of the firearm revealed that it was modified to shoot more than one round of ammunition, without

U.S. v. Pedro José Collazo-Prieto, 17-485 (SCC) & 19-121 (SCC)

manual reloading, by a single function of the trigger. Therefore, the firearm is a machinegun. Defendant admits that on August 9, 2017, he possessed the aforementioned pistol knowing that it was a machinegun.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Count One and Count Six of the Indictment in Cr. 19-121 (SCC) and Count One of the Indictment in Cr. 17-485 (SCC). Discovery was timely made available to Defendant for review.

_____
Juan Carlos Reyes-Ramos
Assistant U.S. Attorney
Dated: 1/25/2022

_____
Joseph L. Russell
Assistant U.S. Attorney
Dated: 25 January 2022

_____
Richard O. Danson, Esq.
Counsel for Defendant
Dated: 4/13/22

_____
Pedro José Collazo-Prieto
Defendant
Dated: 4/13/22